UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ESEQUIEL GUAJARDO, TDCJ # 02197272, | § § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0222 |
| | § | |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Esequiel Guajardo is incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) to challenge an order amending the conditions of his community supervision. After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** without prejudice for the reasons set forth below.

### I. BACKGROUND

Guajardo states in his petition that he is challenging an order on April 19, 2018, by which he was sentenced to "approximately 300 days" as a result of his failure to pay a fee on December 30, 2016 (Dkt. 1, at 2). Public records from Brazoria County indicate that, on April 19, 2018, the court amended Guajardo's community supervision, which had been ordered in 2016 as a sentence for enhanced aggravated assault. *See State v. Guajardo*, Case Number 79286-CR, 300th Judicial District Court of Brazoria County)

(available at http://www.publicbrazoria-county.com/PublicAccess/default.aspx) (last visited Oct. 10, 2018). Guajardo argues that the court's action amounted to double jeopardy, that his attorney failed to pursue defenses, and that his attorney failed to provide adequate legal advice (Dkt. 1, at 6-7).

Guajardo states in his petition that he did not file an appeal or a state habeas petition challenging the amendment of his community supervision. Public records from the Texas Court of Criminal Appeals confirm that no appeals or habeas petitions have been filed in his case.

## II. EXHAUSTION OF REMEDIES

As a matter of law, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This means that a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement is not jurisdictional, but codifies a policy of federal-state comity designed to give state courts a fair opportunity to apply federal constitutional principles to alleged violations of its prisoners' rights. *Ruiz v. Quarterman*, 460 F.3d 638, 642-43 (5th Cir. 2006); *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006). Exceptions exist only where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). A

reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim" to the state courts. *Moore*, 454 F.3d at 491. A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

For Guajardo, who is seeking relief from an order of community supervision, the procedure for applying for a writ of habeas corpus is governed by Article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CRIM. PROC. CODE art. 11.072 § 1 ("This article establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision"). *See State v. Guerrero,* 400 S.W.3d 576, 582-83 (Tex. Crim. App. 2013); *Ex Parte Villanueva*, 252 S.W.3d 391, 395-97 (Tex. Crim. App. 2008). The application under Article 11.072 must be filed with the clerk of the court in which community supervision was imposed, and may challenge either "the conviction for which or order in which community supervision was imposed" or "the conditions of community supervision." TEX. CRIM. PROC. CODE art. 11.072 § 2. Among other limitations, the article provides that an application "may not be filed . . . if the applicant could obtain the requested relief by means of an appeal under Article 44.02 [of the Texas Code of Criminal Procedure] and Rule 25.2, Texas Rules of Appellate Procedure." *Id*. § 3(a). Moreover, if an applicant seeks "to challenge a particular

condition of community supervision but not the legality of the conviction for which or the order in which community supervision was imposed," the applicant "must first attempt to gain relief by filing a motion to amend the conditions of community supervision." *Id*. § 3(b).  If an application under Article 11.072 is denied, appeal is available through Article 44.02 and Texas Rule of Appellate Procedure 31.  *Id*. § 8.

In this case, the Texas Court of Criminal Appeals has not had an opportunity to address Guajardo's challenge to the April 2018 order amending community supervision. An application under Article 11.072, or other remedies identified in Article 11.072 § 3, remain available to Guajardo.  Because Guajardo has not availed himself of this state process, he does not fit within a recognized exception to the exhaustion doctrine.

Comity requires this Court to defer until the state courts have considered the petitioner's claims.  Therefore, the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

## III.    <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus filed by Esequiel Guajardo (Dkt. 1) is **DISMISSED without prejudice** for failure of the petitioner to exhaust all available remedies.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 12th day of October, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge